## WEIKEL and Wife *v.* PROBASCO.

A wife is incompetent to testify in any civil proceeding in which her husband is a party.

APPEAL from the *Elkhart* Circuit Court.

DAVISON, J.— *William Probasco*, as surviving partner, &c., commenced this suit against *Henry Weikel* and *Lavinia*, his wife, before a justice of the peace, upon an account which existed against said *Lavinia* before her marriage with *Henry Weikel*.

To the complaint the defendants answered, 1. A general denial. 2. That the promises, if made at all, were made by the said *Lavinia* prior to her marriage, and whilst she was yet a minor, &c.

The justice gave judgment for the plaintiff, from which the defendants appealed.

In the Circuit Court, the plaintiff, by leave, &c., filed a reply to the second paragraph of the answer, alleging that the articles of account sued for were necessaries for said *Lavinia*, suitable to her condition in life, &c.

The record states, that at the *October* term, 1854, of said

May Term,
1856.

WEIKEL
v.
PROBASCO.

Court, the parties appeared by their attorneys, and by the return of the sheriff to a subpœna issued on behalf of the plaintiff, it was shown that both defendants had been summoned to appear as witnesses in the cause for the plaintiff, at that term of the Court; and the case having been called for trial, the defendants, on the plaintiff's motion, were three times audibly called, and required to appear and testify, &c., in obedience to the subpœna; yet the said *Lavinia* wholly failed to appear, &c.; and the plaintiff (it being admitted by the parties that the cause of action was for the indebtedness of *Lavinia Weikel* before her intermarriage with the said *Henry*) moved that the judgment before the justice be taken as confessed. Pending this motion, *Henry Weikel* filed his affidavit, alleging "that his wife *Lavinia*, who had been subpœnaed as a witness, &c., was at that time, and had been since the commencement of that term of said Court, very near child-birth, and unable to attend," &c. Whereupon the plaintiff offered a continuance of the cause to the next term, at the defendants' costs; which offer the defendants refused; but they, at the same time, offered to agree to a continuance at his costs. The Court, thereupon, sustained the plaintiff's motion, and rendered judgment for the amount recovered before the justice, &c.

The taking of the demand against the defendants as confessed, is assigned for error. We have a. statute which enacts that "either party may in all cases have the other sworn as a witness, and if the plaintiff refuse to appear on being personally subpœnaed, or being present refuse to swear, the cause shall be dismissed. If the defendant refuse to appear on being personally subpœnaed, or being present refuse to swear, the plaintiff's demand shall be taken as confessed," &c. 2 R. S., p. 459, s. 48. This provision relates to proceedings in a justice's Court, and also to the trial of causes in the Circuit Court which originate before a justice of the peace. 2 R. S., p. 463, s. 67. There are, however, other provisions of the statute which enact that "no person offered as a witness shall be excluded from giving evidence, either in person or by deposition, in any

judicial proceeding, by reason of incapacity from crime or interest. But this section shall not render competent a party to an action, or the person for whose use it is brought, or the husband or wife of any such party." "Husband and wife are incompetent witnesses for or against each other, and they can not disclose any communications from one to the other, made during the existence of the marriage relation, whether called as a witness while that relation exists or afterwards." 2 R. S., pp. 80, 82, ss. 238, 240. By these enactments, it is evident that *Lavinia Weikel,* her husband being a party to the suit, could not have been legally examined as a witness, had she been personally present in Court. The fact that the suit was for her indebtedness before marriage, does not vary the case, because the rule that the wife is incompetent to testify in any civil proceeding in which her husband is a party, seems to be without an exception. 1 Greenl. Ev., ss. 334, 337. It follows that the plaintiff's motion that the judgment before the justice be taken as confessed, should have been overruled.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*T. J. Harris, H. C. Newcomb* and *J. S. Harvey,* for the appellants.

*J. A. Liston,* for the appellee.