## Boyd v. Boyd.

STATUTE OF LIMITATIONS.—CONCEALMENT OF CAUSE OF ACTION.—The concealment of a cause of action by the person liable to the action which will avoid the statute of limitations, under section 219 of the code, must be something more than mere silence. It must be an arrangement or contrivance to prevent discovery.

SAME.—The person liable to be sued must not, at any time, do anything to prevent the party entitled to the action from ascertaining the facts upon which the right of action depends, either by affirmatively hiding the truth, or by any device avoiding inquiry, and if he does, the statute of limitations will not run during the time of such concealment.

APPEAL from the *Wayne* Circuit Court.

FRAZER, J.—This was an action to recover damages for fraud in an exchange of lands. The answer set up the statute of limitations. The reply alleged that the defendant had concealed his liability to the action by certain false pretenses made by himself, and certain misrepresentations which he induced others to make, as to subsequent transactions, the actual truth of which would otherwise have been known to the plaintiff, and would have put him on inquiry, whereby he would have discovered the fraud; that thus deceived, he remained ignorant of the facts, &c.

The only question is, whether the reply was good, in view of section 219 of the code, which provides that if a person liable to an action shall conceal the fact from the person entitled to sue, the action may be brought at any time within the period of limitation, after the discovery. We

agree with the counsel for the appellee, that the conceal-
ment contemplated by the statute must be something more
than mere silence; that it must be an arrangement or con-
trivance to prevent subsequent discovery, and must be of
an affirmative character.   But it does not occur to us that
it needs to be concocted after the accruing of the cause of
action, provided it operates afterwards as a means of con-
cealment, and was so intended.   In other language, the de-
fendant must not, at any time, do anything to prevent the
plaintiff from ascertaining, subsequently to the transaction
out of which the right of action arises, the facts upon
which that right depends, either by affirmatively hiding the
truth, enhancing the natural difficulty of discovering it, or
by any device avoiding inquiry which would result in dis-
covery; and if he do thereby escape suit for a time, the
statute of limitations will not run during that time.   *Jones
v. The State*, 14 Ind. 120.

The judgment is reversed, with costs, and the cause re-
manded, with directions to overrule the demurrer to the
reply to the second paragraph of the answer.

*G. Holland* and *N. H. Johnson*, for appellant.

*W. A. Peele, J. B. Julian* and *J. F. Julian*, for appellee.