## STANLEY v. STANTON.

36  445
149  244
149  245

AGENT.—*Misrepresentation.*—*Concealment.*—*Statute of Limitations.*—An action was brought in 1870 by A. against B., the complaint alleging that B. had, in the year 1848, falsely represented himself to A. as the agent of C., to whom A. was indebted on a promissory note, and as such agent had received

from A. the money due C. and promised to pay the same to C. and take up and destroy the note; but that B. had retained the money himself, and A. had only discovered the fact about the time of the bringing of the suit; and B. in answer pleaded the statute of limitations, to which A. replied, that he paid the money to B. on his claim that he was the agent of C., and believing him to be such agent and authorized to receive the same, when in fact he was not such agent nor had such authority, but concealed such fact from A. and promised to pay the same over as such agent, which he failed to do, and by reason of such concealment A. did not discover the cause of action until in the fall of 1869.

*Held,* that the reply was insufficient to avoid the statute; that the concealment was all previous to the accruing of the cause of action, and something more is required to avoid the statute than mere silence after the action accrues.

WITNESS.— *Husband and Wife.*—At common law, where the husband was excluded as a witness on the ground of interest, the wife was also excluded. The statute has not changed the rule that husband and wife are incompetent witnesses for or against each other. Where the husband is made a party to answer to an assignment by him of a cause of action to the plaintiff, and the assignment is not questioned, the wife may testify as to other matters; but where the husband has a pecuniary interest in the result of the action, she cannot be a witness.

APPEAL from the Henry Circuit Court.

DOWNEY, J.—Stanton sued Stanley on the 19th day of February, 1870, alleging that in 1848, Seth Cox was indebted to Zachariah Bennett in the sum of one hundred dollars and fifty cents, due on the 25th of December, 1848, and paid the same to the defendant upon his representation that he was authorized, as the agent of Bennett, to receive the same, and on his special agreement that he would pay it to said Bennett, and take up Cox's note previously given for the same, and then in the hands of Bennett, and return it to Cox, or destroy it; the said Cox relied on the statements and promise of the defendant, and supposed he had done as he had promised, until in the fall of 1869, when the defendant told Cox, for the first time, that he had not done so, and had not been the agent of Bennett, or authorized by him to receive said money; by which means the defendant became indebted to Cox in the said sum of one hundred dollars and fifty cents, which indebtedness, and the fact of his failure to pay over to said Bennett the said money, and that he was

not agent to receive the same for said Bennett, the said Stanley thenceforward until the fall of 1869, concealed from said Cox; that the defendant refused, and yet refuses to pay the said sum of money, amounting, with the interest, to two hundred and twenty-seven dollars and sixty-three cents, so falling due to said Cox from him; that Cox sold and assigned the same, for value received, to the plaintiff, on the 1st day of February, 1870, as per account and assignment thereof filed with the complaint. Cox was made a defendant to answer as to his interest in the account and as to the assignment thereof.

After demurring unsuccessfully to the complaint, Stanley answered: first, by a general denial; second, statute of limitations of six years; third, that the plaintiff is not the real party in interest in said action, but, on the contrary, the said defendant Cox is the real party in interest, who fraudulently transferred said pretended cause of action to the plaintiff, for the purpose of rendering the wife of said Cox a competent witness in said cause; that said pretended cause of action was transferred to said plaintiff without any consideration; fourth, that Cox is the real party in interest in said cause, and the transfer of said pretended cause of action was champertous and void, in this, that the plaintiff gave said defendant Cox no consideration therefor, but by the terms of the contract was to collect the same and bear all expenses of collection, and pay over to said defendant Cox fifty per cent. of the proceeds of said claim, and in the event of said plaintiff failing to collect the same, Cox was to pay the costs and attorney's fees.

There was a reply filed, which consisted, first, of a general denial of the whole answer; and second, in addition thereto, as to the second paragraph of the answer, as follows: that Cox paid the money to the defendant on his claim that he was the agent of the said Bennett, and authorized to receive the same, when in point of fact he was not such agent, or authorized to receive said money; and he says that when said money was so paid the defendant, he concealed from said Cox

the fact that he was not such agent, and while assuring the said Cox that he was such agent, pledged himself to pay over the money to Bennett and take up and destroy the note of said Cox in his hands before letting him have the money; which statement of facts as to his agency, and as to the payment of the money and the destruction of the note as aforesaid, was made to conceal the fact that he was not the agent of said Bennett, and by the receipt of the money from said, Cox he became liable to him for it, and to avoid inquiries on the part of Cox as to the facts, and to prevent him from making any demand on him for the money, and the same had this effect; and the plaintiff says that said Cox never learned until the fall of 1869 that said Stanley was not the agent of said Bennett, and was not authorized to receive said money, and had not destroyed said note. The facts in manner and form aforesaid, and that he owed said money, the defendant concealed from said Cox until the fall of 1869.

The defendant, Stanley, demurred to the second paragraph of the reply, and his demurrer was overruled, to which he excepted.

A trial by jury terminated in a general verdict for the plaintiff for $228.60, and also certain special findings in answer to interrogatories propounded, which, however, we need not specially notice.

A motion for a new trial was made by the defendant, which was overruled, and he excepted. The evidence is all in the record.

The first alleged error is the action of the court in overruling the defendant's demurrer to the second paragraph of the reply. Counsel for the appellee rely exclusively on *Boyd* v. *Boyd*, 27 Ind. 429. In that case the reply alleged that the defendant had concealed his liability to the action by certain false pretenses made by himself, and certain misrepresentations which he induced others to make, as to subsequent transactions, the actual truth of which would otherwise have been known to the plaintiff, and would have put him on inquiry, whereby he would have discovered the fraud; that

thus deceived he remained ignorant of the facts, etc. It is very evident that the reply in that case differs in one essential particular, at least, from the reply in this case. There the false pretences made by himself and the misrepresentations by others which he induced them to make were as to subsequent transactions, the truth of which would otherwise have been known to the plaintiff.

In this case no such allegation is in the reply. The facts, and only the facts, necessary to show the existence of it, are relied upon to show a concealment of the cause of action. It seems to us to be a contradiction in terms to talk of concealing a cause of action before the same has any existence. When did the cause of action accrue? Not, surely, when the money was placed in the hands of the defendant, Stanley, for he was entitled to a reasonable time, at least, in which to pay the money over to Bennett before any right of action could have accrued to any one to sue him for a breach of the undertaking.

In *Earnhart* v. *Robertson*, 10 Ind. 8, facts are disclosed which present such a case as seems to us to have been contemplated by the legislature in the enactment of the statute in question, 2 G. & H. 162, sec. 219. There, the defendant was employed to collect certain money at a distant point, and did so collect it, but after he had done so, and had returned to this State, he falsely represented to his principal that he had collected a much smaller amount, and no more. Afterwards, on inquiry made of him by his principal, whose suspicions had been excited, he again affirmed that he had collected no more money.

The provision in the criminal code, 2 G. & H. 393, sec. 13, "conceals the fact of the crime," is so nearly similar to the provision in question as to render the decisions in relation thereto authority on this question. In *Jones* v. *The State*, 14 Ind. 120, it was held that the concealment must be the result of positive acts done by the accused, and calculated to prevent a discovery of the fact of the commission of the of-

fence of which he stands charged. This case was followed and approved in the case of *Randolph* v. *The State*, 14 Ind. 232, and it was then held that the particular acts of concealment must be set out in the indictment.

In *Free* v. *The State*, 13 Ind. 324, it was held, that the fact that the owner of stolen goods and his family did not know that the goods had been stolen, did not prove a concealment on the part of the defendant.

In the case of *Boyd* v. *Boyd, supra*, it was held that something more than mere silence on the part of the party liable was necessary to show concealment.

In our judgment, the demurrer to the second paragraph of the reply should have been sustained.

Slender as are the allegations of the reply, the evidence in their support is still weaker. On the question as to whether or not Stanley represented himself as the agent of Bennett, Seth Cox swears as follows: "Before the note fell due, I paid the full amount of it to Ira Stanley, at my house, in the presence of my wife, the said Stanley being (as he declared) at the time he sold the land, and as I supposed still was, the agent of Bennett and authorized to receive it," etc. Stanley very positively denies that he was, or pretended to be, agent for Bennett, or that he ever received the money; while Mrs. Cox states that in the fall of the year 1848, "my husband, Seth Cox, one of the defendants, paid to Ira Stanley one hundred dollars and fifty cents, being the amount of a note held by him in favor of Zachariah Bennett. The money was paid before the note was due. The money was paid at our house. The note was given for a piece of land purchased by my husband from Z. Bennett by Ira Stanley, his agent, as he represented himself to be. At the time the money was paid, as I have stated, we resided in Henry county, Indiana. When the money was paid, Stanley had not the note with him, but said Bennett had the note in his possession, and that he, Stanley, would not pay the money to Bennett until he got the note, and that he would then destroy it."

This evidence simply shows, if it proves anything, that Cox

gave the money to Stanley, as his agent, to pay it to Bennett, and leaves the case to rest, so far as the evidence is concerned, upon contract exclusively, without the element of fraud.   It is the fact that Stanley was not the agent of Bennett which the reply alleges he concealed from Cox, and as it is not shown by the evidence that Stanley represented that he was agent at the time when the money was handed to him, the evidence does not sustain the reply, even if it was sufficient to avoid the answer.   If one agrees to do a thing and simply fails to do it, we think it cannot be said that he has concealed the cause of action which the party to whom he made the promise may have against him for the non-performance of the promise.

The next question is as to the admissibility of Ruth Cox, the wife of the assignor of the chose in action, as a witness for the plaintiff.   Her husband was a party to the action, but only to answer as to his interest in the claim and the assignment thereof by him to Stanton, the plaintiff.   There are strong indications of something concealed in the arrangements with reference to the assignment of the claim.   Seth Cox swears, in his deposition, that his brother, Joseph M. Cox, made the sale and assignment of the claim for him as his agent, to Stanton, and that neither he nor his brother has any interest in the claim; and yet, on cross examination, he swears that he holds his brother's obligation for the claim as follows:

"DUBLIN, IND., Nov. 14, 1870.

"I now hold myself responsible to thee for seventy-five dollars, for the amount, subject, as it is, to all contingences, payable within nine months; what I make above that is my gain, and if I lose, it is my loss; the expense incurred prior to this I deduct from the money left in my hands, an account of which I will send thee.

[STAMP]                              JOSEPH M. COX."

Stanton, the plaintiff, swears that he was not to pay the costs in this case if it went against him; that Joseph M. Cox was to pay them.

Joseph M. Cox swears that he purchased the claim from his brother, and arranged with Stanton to sue upon it on certain conditions, one of which was that Stanton should pay him one hundred dollars, on condition "that on the testimony of Seth Cox and wife this suit should be gained." It was after this arrangement, between Stanton and Joseph M. Cox, that the latter gave the obligation to his brother which is set out above.

Mr. Julian, before the assignment of the account, had an agreement with Seth Cox to defend him against a suit on the Bennett note, and for his services in that suit and in this, as we understand the testimony, if it should be brought, he was to have one hundred dollars, if he succeeded, and only ten dollars if he did not succeed; and he was to have the one hundred dollars out of the judgment, if one was recovered in this case.

Upon these facts it is insisted by the appellant that Seth Cox was interested, pecuniarily, in the result of the action, and that, consequently, his wife could not be a witness.

As we understand the testimony of Mr. Julian, he has a claim for services against Seth Cox, which, in the event of a successful termination of this action, will be paid out of the judgment, but which if not thus paid must be paid to him by Seth Cox. This made Seth Cox pecuniarily interested in the suit to that extent. Starkie Ev. by Sharswood, 119.

Did that interest of Seth Cox disqualify his wife, or render her incompetent as a witness? We do not regard the mere fact that Seth Cox was a party to the suit to answer as to the assignment as sufficient, where no question was made as to the assignment, and where the wife did not testify on that subject, as any objection to her testifying. *Shellenbarger* v. *Norris*, 2 Ind. 285. If he had a substantial interest in the questions at issue, then clearly she could testify neither for nor against him. *Weikel* v. *Probasco*, 7 Ind. 690; 2 G. & H. 170, sec. 240; *Robertson* v. *Caldwell*, 9 Ind. 515; *Muir* v. *Gibson*, 8 Ind. 187; *Carpenter* v. *Dame*, 10 Ind. 128; *Woolley* v. *Turner*, 13 Ind. 253. But here, besides being such party to

the action, the husband had a pecuniary interest in the result of the action. If it was successful, it relieved him of a liability which he had previously assumed. If not, it left that liability upon him.

By the rule at common law, when the husband was excluded on the ground of interest, the wife was also incompetent. When the rule was changed in this State so as to admit parties and persons otherwise interested in the result of the action to testify, the statute still preserved the old rule, that "husband and wife are incompetent witnesses for or against each other, and they cannot disclose any communication from one to the other, made during the existence of the marriage relation, whether called as witnesses while that relation exists or afterward." The last enactment of the legislature on this subject, with the same care for the harmony and sacredness of the relation, prohibits them from testifying "as to matters for or against each other," etc. 3 Ind. Stat. 560, sec. 2. We are of opinion that this rule of exclusion, or incompetency to testify, is not confined to cases where the one is a party to the suit, and the other is offered as a witness in the cause for or against the other. The language of the statutes cited does not require any such construction. We think rather that it was the intention of the legislature to retain the common law rule on this point. We therefore hold that the testimony of Mrs. Cox was incompetent.

There are some other points discussed in the briefs, but we do not think it necessary to examine them.

The judgment is reversed back to, and including, the ruling on the demurrer to the second paragraph of the reply, with instructions to sustain that demurrer, and for further proceedings. Costs to the appellant.

*M. E. Forkner* and *E. H. Bundy*, for appellant.

*J. B. Julian* and *J. F. Julian*, for appellee.