Filed March 7, 1894.

———————◆———————

No. 1,264.

BOARD OF COMMISSIONERS OF DEARBORN COUNTY *v.* LODS.

STATUTE OF LIMITATIONS.—*Concealment of Cause of Action.—Trusts.— County.—County Treasurer, Action Against for County Funds.*—To an answer setting up the six years' statute of limitations, in an action by a board of county commissioners to recover funds of the county alleged to have been wrongfully retained by the defendant while treasurer of the county, the plaintiff replied, that the defendant, while treasurer of the county, undertook, as required by law, to keep an account and ledger of all receipts and disbursements of moneys by him, as such treasurer, which account and ledger, and the balances thereon shown, were the accounts and balances used in making the settlements required by law, and that such accounts and balances were used to determine the amount of money in the hands of such treasurer, which he was required to pay over to his successor in office; that the amount of refunded taxes mentioned in the complaint was composed of numerous items of payments to various persons and in various sums, and were apportioned to various funds belonging to the county; that in payment of the warrants drawn upon him, in refunding such taxes, the treasurer took credit therefor in the ledger account; that in making settlement with the auditor of State and county auditor, the treasurer received credit for the taxes refunded; that after taking full credit for such refunded taxes, in such settlement, he charged himself back on the ledger with such balance, and failed to charge himself

VOL. 9—24

back with the amount of the refunded taxes, thus giving himself double credit for the refunded taxes; that the manner of keeping the books operated to conceal the fact that there was a double credit, and the false balance appeared to be a true balance; that although the books and accounts appeared to be correct upon their face, yet they were deceptive and misleading, and the error could only be discovered by a careful examination or by an expert accountant, and that such board, in making settlement with such treasurer, was misled and deceived by the manner in which such accounts were kept.

*Held*, that the facts pleaded in the reply do not show a concealment of the cause of action.

*Held*, also, that no such trust relation is shown as prevents the operation of the statute of limitations.

*Held*, also, that the statute of limitations will run against a county.

From the Dearborn Circuit Court.

*G. E. Roberts* and *C. W. Stapp*, for appellant.

*N. S. Givan*, for appellee.

Lotz, J.—This action was instituted by the board of commissioners of Dearborn county, to recover the sum of $1,960.87 of the funds of said county, alleged to have been wrongfully retained by the appellee while treasurer of said county.

The complaint alleges, in brief, that the appellee, Charles Lods, was the duly elected and acting treasurer of Dearborn county, for a period of four years from the —— day of November, 1874, to the —— day of November, 1878; that during the terms of office of said Lods, covering said period of four years, certain taxes were erroneously assessed and were collected by said Lods as such treasurer; that, when such errors were discovered, the board of commissioners of said county ordered that such taxes be refunded to the taxpayers against whom the same had been erroneously assessed and improperly collected; that the auditor of said county drew warrants upon the treasurer of said county in favor of such taxpayers, and the said Lods, as such treasurer, paid said war-

rants; that the said Lods took credit for, and charged to said county, said sums of money paid by him in the redemption of said warrants; that, in his settlement sheets with the auditor of State, the said Lods deducted from his collections and credited himself with the amounts so refunded, and charged himself with a balance due from him as such treasurer; that he afterwards made various settlements with the board of commissioners of said county; that the balance found due in his settlement with the auditor of State was used as a basis in making settlement with said board; that, in making such settlement with said board, the same refunded taxes for which the treasurer had received credit in his settlement with the auditor of State were again deducted, and said treasurer thereby received double credit for the same; that he has retained said sums without right, and has appropriated the same to his own use, and refuses to pay the same to said county.

The appellee filed an answer in three paragraphs, two of which were afterwards withdrawn, leaving a single paragraph, which pleaded the six year statute of limitations.

To this answer the appellant filed a reply in one paragraph. This reply is prolix, but, in substance, it avers that the appellee, while treasurer of said county, undertook, as required by law, to keep an account and ledger of all receipts and disbursements of moneys received and paid out by him as such treasurer, which account and ledger, and the balances thereon shown, were the accounts and balances used in making the settlements required by law, and that such accounts and balances were used to determine the amount of money in the hands of such treasurer which he was required to pay over to his successor in office; that the amount of refunded taxes mentioned in the complaint was made up and composed

of numerous items of payments to various persons and in various sums, and were required to be, and were, apportioned to various funds belonging to said county; that in payment of the warrants drawn upon him, in refunding such taxes, the treasurer took credit therefor in the ledger account; that, in making settlement with the auditor of State and county auditor, the various items of refunded taxes were footed up, and he received credit therefor; that, after taking full credit for such refunded taxes in such settlement, he charged himself back on the ledger with such balance, and failed to charge himself back with the amount of such refunded taxes, thus giving himself double credit for such refunded taxes.

It is further charged that during the appellee's terms of office the entries of receipts and disbursements on the books were many and voluminous, and that the items of refunded taxes were very numerous and were entered to the credit of the treasurer without any designation as to whom they were paid; that the manner of keeping the books operated to conceal the fact that there was a double credit, and that the false balance appeared to be the true balance; that although the books and accounts appeared to be regular and correct upon their face, yet they were deceptive and misleading, and that the error could only be discovered by a careful examination or by an expert accountant, and that said board, in making settlement with such treasurer, was misled and deceived by the manner in which such accounts were kept.

A demurrer was sustained to this reply, and this is the only error assigned in this court.

Section 300, R. S. 1881, provides that "If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation, after the discovery of the cause of action."

Appellant earnestly insists that the facts stated in the reply show a concealment of the cause of action, and that it avoids the plea of the statute of limitations. Concealment, as used in the statute, means something more than mere silence or general declarations on the part of the person liable. It has reference to something of an affirmative character; something said or done, some trick or artifice employed to prevent inquiry or elude investigation, or calculated to mislead and hinder the party entitled from obtaining knowledge by the use of ordinary diligence. *Miller* v. *Powers,* 119 Ind. 79 (89); *Stone, Admr.,* v. *Brown,* 116 Ind. 78 (81).

Is it essential that the acts of concealment, to be available, must have taken place after the cause of action accrued? It was intimated in one case that if the acts were concocted before and operated afterwards as a means of concealment, they came within the statute. *Boyd* v. *Boyd,* 27 Ind. 429.

But in *Stanly* v. *Stanton,* 36 Ind. 445 (449), it is said: "It seems to us to be a contradiction in terms to talk of concealing a cause of action before the same has any existence."

Do the facts pleaded in the reply show a concealment of the cause of action, by means of things done, either before or after the settlement? The county treasurer is required to receive all money due to the county, and to disburse the same on proper orders issued and attested by the county auditor. He is required to arrange and keep his books so that the amount received and paid on account of separate and distinct funds or specific appropriations shall be exhibited in separate accounts, as well as the whole receipts and expenditures by one general account, but no money received for taxes charged on the duplicate of the current year shall be entered on his account with the county until after his annual statement

made therefor.    He shall at all times keep his books and office subject to the inspection and examination of the board of county commissioners, and shall exhibit the money in his office to such board at least once each year. He is also required to make annually a complete settlement with the board of commissioners at their regular June term, and at the end of his term deliver to his successor all public moneys, books and papers in his office (sections 5913, 5916, 5917, 5925, R. S. 1881).    The board of commissioners, for all financial and ministerial purposes, is the county.    It has the care of the property of the county, as well as its supervision and management.    *Huffman* v. *Board, etc.*, 96 Ind. 84.

It has the power to audit the accounts of all officers having the care, management, and disbursement of money belonging to the county (section 5745, R. S. 1881), and it has the power to contract with an expert for the examination of the accounts of the county treasurer. *Duncan* v. *Board, etc.*, 101 Ind. 403.

We do not think the facts pleaded show a concealment, but if it were conceded that the manner in which the books were kept might have misled the board at the time of the settlements, still the record of the accounts, the facts and figures were in existence and at the disposal of the board at any time, and it was its duty to carefully audit the same, and it might have employed an expert for that purpose if deemed it necessary.

Every avenue of information and every opportunity for investigation were open to the board during all the time the appellee was in office and all the time afterwards until the commencement of this action.    We think the facts pleaded do not show a concealment of the cause of action.

There is no such trust relation shown as prevents the

operation of the statute of limitations. It is only in pure or direct trusts that the equitable rule denying the validity of the defense of the statute of limitations applies. It does not apply in cases of resulting, implied, or constructive trusts. Angell Limitations, section 469; *Newsom* v. *Board, etc.*, 103 Ind. 526.

Where money can be recovered in an ordinary action, the statute of limitations is a valid defense. Wood Limitations, section 59; *Smith* v. *Calloway*, 7 Blackf. 86 (88).

Nor does the fact that a county is a territorial subdivision of the State, and clothed with governmental powers, give the appellant the right to invoke the maxim *nullum tempus occurrit reipublicæ*. The statute of limitations can not be invoked against a State, in purely governmental matters, but when the government comes into a court asserting the same right as a private individual, and comes in contact with its citizens in an effort to recover mere dollars and cents, it goes divested of its sovereignty, and the reason for the maxim no longer applies. *United States* v. *Johnston*, 124 U. S. 236; *United States* v. *McElroy*, 25 Fed. Rep. 804; *Calloway* v. *Cossart*, 45 Ark. 81.

The trial court did not err in sustaining the demurrer to the reply.

Judgment affirmed, at the costs of appellant.

Filed Mar. 7, 1894.