Jackson v. Jackson.

JACKSON v. JACKSON.

[No. 18,230.    Filed Oct. 15, 1897.    Rehearing denied Jan. 5, 1898.]

LIMITATION OF ACTIONS.—*Concealment of Action.—Statute Construed.*—To bring a case within the provision of section 301, Burns' R. S. 1894 (300, R. S. 1881), providing that if any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto the action may be commenced at any time within the period of discovery of the cause of action, it must be alleged that some trick or artifice was resorted to, or some material fact misstated to or concealed from the party to prevent the discovery thereof. *pp. 242, 243.*

SAME.—*Concealment of Action.—Discovery.*—Where the operation of the statute of limitation is suspended by section 301, Burns' R. S. 1894 (300, R. S. 1881), by the concealment of the cause of action, the statute does not begin to run until after the discovery of the cause of action, or from the time the discovery thereof by the exercise of ordinary diligence might have been made. *p. 243.*

SAME.—*Concealment of Action.—Fraud.*—The concealment of a cause of action within the meaning of section 301, Burns' R. S. 1894 (300, R. S. 1881), arises out of fraud, and while the fraud in a given case may be sufficient to give to the complaining party a right of action, it may not in the same case be also sufficient to serve to conceal the cause of action within the contemplation of the law. *p. 243.*

SAME.—*Concealment of Action.—Time of Concealment.*—The acts constituting the concealment of a cause of action in such manner as to operate in the suspension of the statute of limitation, as provided by section 301, Burns' R. S. 1894 (300, R. S. 1881), need not be subsequent to the accruing of the cause of action, but may be concurrent therewith, or even precede it, provided that they are of such a character as to operate after the time when the cause of action accrued and thereby prevent its discovery, and were so designed and intended by the concealer. *pp. 243-245.*

SAME.—*Concealment of Action.—Sufficiency of Facts.— Pleading.— Reply.—Statute Construed.*—In an action for damages based upon alleged false representations made by defendant, a bank cashier, in the negotiation and sale to him by plaintiff of stock of such bank, a reply to an answer pleading the statute of limitation, alleging that

in such negotiations and sale plaintiff relied upon the statements and representations of defendant in relation thereto, and being requested to keep the particulars of the sale secret did so and soon after moved to another state and some years afterward a rumor reached him that the true value of the stock at the time of the sale was from two to four thousand dollars in excess of the price for which it was sold, that he wrote the cashier several letters concerning same but received no reply, does not state facts sufficient to amount to a concealment of the cause of action within the meaning of section 301, Burns' R. S. 1894 (300, R. S. 1881), and operate in the suspension of the statute of limitation.  *pp. 246, 247.*

SAME.—*Concealment of Action.*—Where a concealment of the cause of action is pleaded in reply to an answer pleading the statute of limitation, alleging that defendant made false representations concerning the transaction on which the suit was founded, and requested plaintiff to keep the transaction secret, it must also be alleged that plaintiff relied upon the alleged false representations, believing them to be true, and was thereby prevented from making any inquiry or investigation relative to their truth or falsity. *pp. 246, 247.*

From the Wayne Circuit Court. *Affirmed.*

*D. M. Bradbury* and *Frank W. Ballenger* for appellant.

*John F. Robbins,* for appellee.

JORDAN, J.—On January 12, 1897, appellant commenced this suit to recover as damages the sum of $5,000.00 and over. The action is based upon certain alleged false and fraudulent representations made by appellee in regard to the value of certain bank stock of the First National Bank of Cambridge City, Indiana, purchased by him from appellant in October, 1890, who was at the time of the sale the owner of eighty shares of the capital stock of that bank of $100.00 each. An answer in two paragraphs was filed, the first being a denial, and the second averred that the cause of action did not accrue within six years before the commencement of the action. Appellant replied to the second paragraph, admitting the allegation of the answer, but averring facts by which he

sought to show that appellee had concealed the cause of action upon which the complaint was based, and thereby suspended the operation of the statute of limitation. A demurrer was sustained to this reply, and appellant refusing to plead further, judgment was rendered that he take nothing and the appellee recover cost. The ruling of the court upon this demurrer is the only error assigned. The reply, in part, is a repetition of the complaint, and the principal facts stated therein are substantially as follows: 'That at the time plaintiff sold the bank stock to the defendant he was preparing to leave the State of Indiana for permanent residence in some other state; that defendant was then, and had been for many years prior thereto, a stockholder and cashier of the bank, and had full knowledge of all facts sought by plaintiff tending to give the value of the bank stock, and a full knowledge of its worth at the time; and plaintiff told the defendant that he had no information as to such facts, but came to him for such knowledge. That at once, and repeatedly thereafter, during the negotiations for the sale and purchase of the stock, defendant said he would give all the information desired by the plaintiff, and did then, and repeatedly during the same negotiations, state to the plaintiff that the bank's surplus fund of $50,000.00 had been greatly impaired by bad loans, and the amount of the bad debts had reduced the value of the stock to a sum less than its apparent face value, as shown by the reports of the bank. Defendant said plaintiff's stock was not worth $10,000.00, but he agreed to give latter amount for it, and purchased it for that price. And during the said negotiations defendant repeatedly requested plaintiff to say nothing to any one about his stock being for sale, but to keep the matter entirely between themselves, and he, defendant, would pay the full worth of the stock,

and as much or more than anyone else would give; and defendant induced plaintiff to believe that to make public the fact of his stock being for sale would be injurious to the bank. At the time of the transfer of the stock a question arose as to who should have the undivided profits, but defendant finally said in a subdued tone, "We will split the difference if you will accept the amount, and say nothing to anyone; but just keep the whole affair to ourselves." That such statements were made with a cunning and corrupt design to deceive and mislead plaintiff, and to make him rest secure and satisfied, believing he would receive the full value of his stock, and to prevent him from making inquiries from others, then or afterwards, as to the value of his stock, and about the honesty and fair dealing of the defendant with plaintiff in connection with the purchase of said stock; and that defendant's representations in regard to the value of the stock, and in reference to bad paper in the bank, and the depreciation in value of the stock were false and fraudulent, as defendant well knew. That in deference to the wishes of the defendant, and in compliance with his repeated requests, plaintiff made no inquiry of anyone in regard to the value of the stock, nor as to the truth of the statements made concerning the kind and value of the paper in the bank, but stated to the defendant that he would accept his statements, and did so accept them; and, relying upon and believing them to be true, and resting securely in the belief that he would receive the full value of his stock, and that all the statements made by the defendant during the negotiations were true, he left the State and went to Ohio, and subsequently to California, and remained out of the State until August, 1895, and has not been in Wayne county since leaving the State. He did not

learn the facts concerning the value of his stock, nor
the extent and purpose of the false representations
made by defendant, until recently, the first informa-
tion he had being a mere rumor, which reached him in
California in 1893, that the stock so sold, at the time
of the sale was worth $12,000.00, and he subsequently
learned that the true value of the stock was $14,000.00.
Upon hearing the above rumor he wrote to the defend-
ant for information as to the truth of such rumor and
as to the worth of such stock, and the defendant, with
the fraudulent design of further deceiving the plain-
tiff, and to conceal further his fraudulent transaction
with plaintiff, wholly failed, neglected, and refused to
answer plaintiff's letter; and then continually there-
after concealed all facts about the value of the stock,
and about his fraudulent dealing with plaintiff, and
all facts that might lead to their discovery, by neglect-
ing to and refusing to answer the plaintiff's letter,
and later letters, written to him by appellant.

It is claimed by counsel for appellant that these
facts set up in the reply are sufficient to show that ap-
pellee so concealed the cause of action as to check the
running of the statute until after the discovery of the
action, within the meaning of section 301, Burns' R. S.
1894 (300, R. S. 1881), which provides, "If any person
liable to an action shall conceal the fact from the
knowledge of the person entitled thereto, the action
may be commenced at any time within the period of
limitation, after the discovery of the cause of action."
The statute of limitation is recognized as one of re-
pose, and it has been frequently held by this court, in
placing an interpretation upon the above section, that
in order to bring a case within the concealment in-
tended by its provisions, there must be something
more alleged and proved than the mere silence or gen-
eral declarations upon the part of the person said to

have concealed the cause of action. There must have been some trick or artifice to prevent a discovery, or some material fact misstated to or concealed from the party by the means of some positive or affimative act or declaration when inquiry was being made or information sought, and under such facts the operation of the statute is suspended, and does not begin to run until after the discovery of the cause of action, or, as the authorities assert, from the time the discovery by the exercise of ordinary diligence might have been made. A failure to discover the cause of action does not, like its concealment, suspend the running of the statute. The concealment within the meaning of the statute cited, arises out of fraud, and there can be no concealment without fraud; and while the fraud in a particular case may be sufficient to give to the complaining party a right of action, still it may not, in the same case, be also sufficient to serve to conceal the cause of action within the contemplation of the law. In support of these several propositions see *Jackson* v. *Buchanan*, 59 Ind. 390; *Wynne* v. *Cornelison*, 52 Ind. 312; *Ware* v. *State*, 74 Ind. 181; *Stone* v. *Brown*, 116 Ind. 78; *Miller* v. *Powers*, 119 Ind. 79; *Smith* v. *Blair*, 133 Ind. 367; *Kennedy* v. *Warnica*, 136 Ind. 161; *Lemster* v. *Warner*, 137 Ind. 79; *State* v. *Osborn*, 143 Ind. 671; *Wood* v. *Carpenter*, 101 U. S. 135; *Campbell* v. *Vining*, 23 Ill. 473, 13 Am. and Eng. Ency of Law, pp. 729, 730.

Considered in the light of these authorities, the inquiry arises, does the reply respond to the required test? The pleading leaves us to indulge, in part, in speculation or inference, and in this respect violates the rule which requires that a party relying upon fraud must plead all the facts constituting the same, for, as presumptions are in favor of fair dealing, nothing is to be taken by intendment or inference. Stripped

of the alleged false representations and statements made by appellee during the negotiations leading up to the sale of the stock, and nothing is shown to have been done by appellee but to exercise silence. It is averred that the first information came to appellant in 1893 as a "mere rumor," and thereupon he wrote a letter to appellee for information as to the truth of the rumor and as to the value of the stock, and that appellee failed and refused to answer this letter, and that by refusing to answer it, and also later letters written to him seeking the same information, he thereby concealed all facts about the value of the stock. The pleading does not even apprise us whether appellee received any of these letters, or in any manner knew that appellant was seeking information in regard to the value of the stock, or anything as to the truth of the statements made by the former. The failure to answer the letters upon appellee's part, or to give the information requested, were but acts of silence, and are not available to constitute a concealment of the action; and the allegation that these acts resulted in such concealment is but a bald assertion or a mere conclusion. Appellant claims that the representations as to the value of the stock, and the requests to observe secrecy as to the transaction, made during the negotiations for the sale of the stock, were sufficient to prevent him from making a discovery that a cause of action existed in his favor growing out of the wrongs alleged in his complaint. Appellee, however, contends that these will not suffice, and especially insists that a cause of action cannot be concealed before it exists, and cites us to *Stanley* v. *Stanton*, 36 Ind. 445, where it is said to be "a contradiction in terms to talk of concealing a cause of action before the same has any existence." In *Boyd* v. *Boyd*, 27 Ind. 429, this court, in speaking of an arrangement or con-

trivance concocted to prevent a discovery of the action, said: "But it does not occur to us that it needs to be concocted after the accruing of the cause of action, provided it operates afterwards as a means of concealment, and was so intended." In *Dorsey Machine Co.* v. *McCaffrey*, 139 Ind. 545, on page 557, it is said: "The concealment need not be subsequent to the accruing of the cause of action concealed, but may be coincident with it." The case of *Boyd* v. *Boyd, supra,* was referred to in *Stanley* v. *Stanton, supra,* and the facts in the two cases were distinguished. The only ones relied on in the reply in the latter case were those which were necessary to give the plaintiff his right of action, and the holding was to the effect that these, as therein alleged, were not sufficient to operate in preventing a discovery.

Under the facts, there is no real conflict in the holding in these cases. The rule which seems to come fully within the authorities, and harmonizes with the holding in *Boyd* v. *Boyd, supra,* and the *Dorsey Machine Co.* v. *McCaffrey, supra,* is that it is not essential that the acts constituting the fraudulent concealment should be subsequent to the accruing of the cause of action. They may be concurrent or coincident with it, or even precede it, provided they are of such a nature or character as to operate after the time when the cause of action arose, and thereby prevent its discovery, and was so designed and intended by the concealer. See *Way* v. *Cutting*, 20 N. H. 187; *Bailey* v. *Glover*, 21 Wall. (U. S.) 342; *Bartalott* v. *International Bank*, 14 Ill. App. 158; *Quimby* v. *Blackey*, 63 N. H. 77; Greenl. on Ev., section 448; *Wood* v. *Carpenter, supra;* *Campbell* v. *Vining, supra.* While the reply cannot be considered faulty for the reason that the acts of the appellee upon which the fraudulent concealment is sought to be based are laid during the negotiations,

and prior to the consummation of the sale, still it is otherwise insufficient. The gist of the facts pleaded seems to be that the acts of appellee as therein averred resulted in concealing the true value of the stock, or that the same was not worth more than $10,000.00, the price for which it was sold. It is questionable, however, whether it is shown from the reply by any express averment that the stock was worth at the time of the sale a sum in excess of $10,000.

The only statements in regard to this fact are the following: "That plaintiff's first information on the subject was a mere rumor, which reached him at his home in California, in 1893, that the stock so sold by him was worth at least $12,000.00 at the time he sold it; that he subsequently learned that the true value of said stock at the time of sale was $14,000.00." We are left to conjecture, to some extent, as to whether the pleader intended to aver that the stock was of the value of $12,000.00 when sold, or whether the information or "rumor" which reached appellant in 1893 was to the effect that it was of that value. In the absence of a direct showing that the stock's value exceeded the price for which it was sold, we would be compelled to presume that the selling price was its full value. But, reversing the rule, and giving the pleader the benefit of the doubt on this point by accepting the uncertain statement as a direct allegation that the stock, when sold, was worth $12,000.00, still the pleading is deficient in other respects. It does not disclose that appellant relied upon the alleged false representations of the appellee, believing them to be true, and was thereby prevented from making any inquiry or investigation relative to their truth or falsity. It is true that it is alleged that the plaintiff, "relying upon them and believing them to be true, and resting securely in the belief that he would re-

ceive the full value of his stock, and that all the statements made were true, left the State, and went to Ohio, etc., and remained away until August, 1895." We cannot presume that leaving the State, and not returning until August 1895, which was far within the period of limitation, alone prevented appellant from discovering that he had been wronged by appellee in the manner claimed in the sale of his stock. It is stated in the reply that during the negotiations appellee told appellant to keep the matter that his bank stock was for sale entirely between themselves, yet there is no showing that these requests were complied with by appellant, and, for anything that expressly appears from the reply, he may have proclaimed the fact of the sale from the "house tops." It would seem also that the fact that appellee at the time of the sale repeatedly urged appellant to maintain secrecy in regard to the transaction, without giving any reasonable explanation for such requests, would have tended to arouse the suspicions of an ordinarily prudent man, and have invited an inquiry or investigation in some manner in regard to the fairness of the transaction. See *Jackson* v. *Buchanan, supra.*

Neither can it be said that there is sufficient diligence shown to have been exercised by appellant to discover, within the period of limitation, the cause of action upon which his suit is founded.

Other infirmities in the reply might be pointed out, but those mentioned will suffice to condemn it. The court therefore did not err in adjudging it insufficient.

Judgment affirmed.