Filed May 15, 1889.

No. 14,244.

MILLER *v.* POWERS.

FRAUD.—*Insurance.*—*Execution of Assignment.*—*Misrepresentation as to Char-
acter of Instrument.*—*Laches.*—Where a widow, the sole heir, ignorant of
the existence of insurance upon the life of her deceased husband, but
being able to read, and having opportunity to do so, signs and acknowl-
edges the execution of an assignment of a policy of insurance written
upon the policy, without reading or examining either the policy or the
assignment, or requiring the same to be read to her, and relying blindly
upon the representation of the assignee, who has possession of the policy

and who has not made known to the widow its existence, that the writing which he presents for her signature is a receipt for money paid, she is guilty of such laches as will bar an action to avoid the assignment, in the absence of a stronger showing of fraud.

SAME.—*Statute of Limitations.—Concealment of Right of Action.*—The concealment of a right of action for relief against fraud, which will extend the time for bringing the action beyond the six years limited by clause 4 of section 292, R. S. 1881, must consist of more than the mere silence of the person subject to the action; there must be something of an affirmative character, something said or done which has the effect of preventing discovery of the right of action by the person entitled to the same.

From the Elkhart Circuit Court.

*J. H. Baker* and *F. E. Baker*, for appellant.

*H. C. Dodge,* for appellee.

BERKSHIRE, J.—The complaint is in one paragraph and is (omitting the title) as follows:

"Anna A. Powers complains of William H. Miller and says that, on the 3d day of January, 1880, she was the widow of Ira Edwards, who died on the 5th day of December, 1879, in the county of Elkhart, in the State of Indiana; that said Ira Edwards, at the time of his death, left him surviving this plaintiff, his widow, and no children, descendants of children, and no father or mother; that plaintiff is the sole and only person entitled to the entire estate of said Ira Edwards, after the payment of debts and the expenses of administration; that said Ira Edwards died intestate; that prior to the — day of September, 1885, no administrator had been appointed to settle said estate left by said Ira Edwards, at which last mentioned time Joel H. Austin was duly appointed by this court, and he duly qualified as administrator of said estate and entered upon the duties of his said trust; that at the time of the death of said decedent his life was insured in the Masonic Mutual Benefit Society, of the State of Indiana, in the sum of three thousand one hundred dollars, which insurance policy was numbered 4344, and was payable to the estate of said Ira Edwards; that, at the time said Ira

Edwards died, the said policy was in the possession of the defendant; that plaintiff had no knowledge that said policy was in force, and she never learned of the existence of the said policy until in August, 1885, at which time she requested the said Joel H. Austin to become the administrator of said estate; that the said defendant, with the intention of wrongfully converting the said proceeds of said policy to his own use, concealed from plaintiff the fact that he had the policy in his possession, and he also concealed from the plaintiff the fact that any insurance policy was in force insuring the life of said Ira Edwards; that, further intending to wrong and defraud plaintiff, the said defendant presented to said insurance company, without the knowledge or consent of plaintiff, proof of the death of said decedent; that, on the 3d day of January, 1880, the said defendant was indebted to the plaintiff (and at said day defendant was indebted to plaintiff), and at said day defendant called upon said plaintiff and paid to her his said indebtedness; that, at the time said defendant so paid said money to this plaintiff, he requested plaintiff to give him a receipt for said sum of money so paid, and the defendant presented to the plaintiff a paper writing for her to sign, and represented to plaintiff that said paper was a receipt for said money. Plaintiff avers that presentation to her of said receipt was but a pretext of said defendant to procure the signature of plaintiff to an assignment of her interest in said insurance policy, without her knowledge or consent, and without letting this plaintiff know that said insurance policy was in existence, insuring the life of said decedent, and purposely, with intent to defraud plaintiff, concealed from plaintiff that he held said policy; that plaintiff, intending to sign said receipt, and yet in ignorance that said decedent's life was insured, and relying on the honesty and good faith of the defendant, and unsuspicious of wrong-doing by defendant, plaintiff by inadvertence, and without the knowledge of the contents of the

paper she signed, and relying wholly upon the statements and representations of the defendant that the paper she was required to sign was a receipt for the money that defendant had just paid her as aforesaid, that plaintiff, without examination of said paper, without reading the same, or having the said paper read to her by any other person, and without any consideration whatever therefor, signed the following assignment of said policy, endorsed upon said policy, to wit:

" ' For value received, I, Anna A. Powers, widow of the within Ira Edwards, deceased, do hereby assign, transfer and set over to William H. Miller, all my right, title, claim and interest in and to the within policy of insurance, and to the money thereby secured, I being the sole and only heir of Ira Edwards, he having no father or mother, and having left him surviving no child and no descendants of any child.

" ' Witness my hand and seal, this 3d day of January, 1880.
" 'ANNA A. EDWARDS.'

" Plaintiff avers that she acknowledged the execution of said assignment before a notary public, but at the time she so acknowledged the said assignment she did so under the mistake that said instrument was simply a receipt for said money, aforesaid, and nothing else, and without any knowledge whatever that she was assigning away the aforesaid policy of insurance, or any interest therein, and without any knowledge that such a policy, or any insurance policy, on the life of said Ira Edwards was in force ; that further intending to defraud the plaintiff, the defendant presented the said policy and the assignment thereon, obtained as aforesaid, to the said insurance company, and the said insurance company paid to the defendant on said policy the sum of three thousand and one dollars and fifteen cents, on the 17th day of February, 1880; that said defendant converted all of said money to his own use, without right and wrongfully ; that said insurance company paid said money to defendant without any knowledge that plaintiff had assigned the same to defendant by mistake. Plaintiff further represents that she was in igno-

rance of all the aforesaid facts, including the fact that she had assigned said policy of insurance to defendant, until August, 1885. Plaintiff would further show the court that the estate of said Ira Edwards, after the payment of debts and the expenses of administration, will all belong to her ; that the money so collected by defendant is the money and property of said estate, and when recovered by said administrator will leave a surplus of $2,000, over and above the debts, to be distributed to plaintiff. She further avers that said administrator has a suit pending in this court, number 1957, against said defendant, William H. Miller, for the recovery of said money from said Miller, in which said Miller relies upon the following defence, which has been held good by this court as a matter of law, that is to say :

" 'And for a third answer to said complaint the said William H. Miller says, that on the 24th day of January, 1878, Ira Edwards, who had been in full life and full health, with the expectancy of life of eighteen years, procured a certificate of membership and policy of insurance on his own life, in which it was provided as follows : " This certificate of membership witnesses, that the Masonic Mutual Benefit Society, of Indiana, in consideration of the representation made to it by and in the application for membership, and the sum of six dollars to it in hand paid by Ira Edwards, of Goshen, Indiana, and the sum of one and 80-100 dollars to be paid to the secretary of the society, or to its accredited agent, by the said Ira Edwards within ten days after due notice has been served upon him of the death of a member of the society, as provided in the by-laws of the society, the sum of ninety cents to be paid upon the death of each member of the society so long as the said Ira Edwards shall belong to the first class, as shown in the margin of this certificate, and the sum of ninety-five cents upon the death of each member of the society so long as he shall belong to the second class, and the sum of one dollar and fifteen cents upon the death of each member of the society so long as he

shall belong to the third class, and the sum of one dollar and eighty cents upon the death of each member of the society so long as he shall belong to the fourth class, the said society does promise to and agree with the said Ira Edwards, his heirs, executors, administrators and assigns, well and truly to pay to the estate of said Ira Edwards, or, in case of the previous death of the person or persons to whom the certificate is made payable, to the legal representatives of said Ira Edwards, within sixty days after due notice and satisfactory evidence of the death of the said Ira Edwards, and proof of interest if assigned, or held as security, the sum of seventy-five cents for every member of the society belonging to the first class, or shown in the margin of the certificate, at the time of the death of the said Ira Edwards, and the sum of seventy-five cents for every member of the second class, and the sum of ninety-five cents for every member of the fourth class." And the said defendant avers that the amount which would become due and payable to the estate of Ira Edwards, or his legal representatives, was indefinite and uncertain, depending on the number of members of said society at the time the said Ira Edwards should happen to die; and the said defendant avers that said Edwards, on and before the 18th day of February, 1878, was justly indebted to this defendant in a large sum of money, amounting in the aggregate to the sum of two hundred dollars, then past due, and the said Edwards was further desirous of borrowing other indefinite sums of money from time to time to pay the assessments of said certificate and keep the same in force; and this defendant avers that said Edwards, on the 18th day of February, 1878, being the owner and holder of said certificate of insurance on his own life, in consideration of said indebtedness which was then and thereby satisfied, and in consideration that this defendant would and did advance and pay for him divers other sums of money to the amount of two hundred dollars, which were not to be, and were not, charged to said Edwards, did sell, assign, transfer and set over said cer-

tificate of insurance, being the same one mentioned in the complaint, to this defendant absolutely and without the reservation of any trust or interest therein, or in the proceeds thereof, which said sale and assignment were made in good faith by the said Edwards and this defendant, without any intent or purpose to speculate or wager on the life of said Edwards, who was then and there his intimate friend and Masonic brother, and bound by the rules and regulations of the lodge of Masons of which each was a member to render assistance in time and money to said Edwards if he should happen to be sick or disabled, and the said Edwards was then and there in good health with a prospect of long life; and this defendant avers that, at the time of said sale and assignment of said certificate of insurance, the said Edwards was not in debt to any one save and except this defendant, and said sale and assignment were made without any intent on the part of said Edwards or the part of this defendant to cheat, hinder or delay any creditors of the said Ira Edwards, but for the sole purpose of paying indebtedness so due and owing, and to grow due and owing to this defendant, which said sale and assignment were endorsed on said certificate of insurance, which was duly acknowledged and delivered to this defendant; and this defendant avers that the said Masonic Mutual Benefit Society was notified of and assented to the sale and assignment of said certificate, and that, on the 5th day of December, 1879, the said Ira Edwards died at the county of Elkhart, and State of Indiana; and this defendant avers that the said Ira Edwards left him surviving, at the time of his death, his widow, Anna A. Edwards, and no children nor descendants of children, and no father or mother, and said decedent left no debts; that, on the 3d day of January, 1880, the said Anna A. Edwards sold, assigned and transferred all her interest in and to said certificate and to the proceeds thereof, which said assignment was assented to by said Masonic Mutual Benefit Society; and afterwards this said defendant made to the said society the proofs of

death, and that he was the owner thereof, and thereupon the said society paid said money to this defendant to and for his sole use, which is the same money sued for in said plaintiff's complaint. Wherefore,'etc.

" She asks that said assignment of said insurance policy, so made by plaintiff and so procured by said defendant, be declared, adjudged and decreed to be fraudulent and void, and of no effect, and for all other proper relief to which plaintiff is equitably entitled."

The appellant filed a demurrer to the complaint, which was overruled and the proper exception taken. The complaint was clearly bad, and the demurrer ought to have been sustained.

The writing which the appellee, by this action, seeks to have nullified, as copied in the complaint, is as follows : " For value received, I, Anna A. Powers, widow of the within named Ira Edwards, deceased, hereby assign, transfer and set over to William H. Miller all my right, title, claim and interest in and to the within policy of insurance, and to the money thereby secured, I being the sole and only heir of Ira Edwards, he having no father or mother left him surviving, no child and no descendants of any child. Witness my hand and seal, this 3d day of January, 1880.

                              " ANNA A. EDWARDS."

The averments upon which fraud is predicated are in substance as follows : Ira Edwards, who died in the year 1879, in his lifetime procured a policy of insurance on his life ; at the time of his death the said policy was in the possession of the appellant, but the existence of the policy and its whereabouts were unknown to the appellee until August, 1885 ; that on the 3d day of January, 1880, the appellant went to the appellee, ostensibly for the purpose of paying her some money which he owed her, and after making the payment produced what he said was a receipt for the money, and asked her to sign it, which she did, and acknowledged its execution before a notary public.

The complaint avers, in general terms, that the appellant concealed from the appellee the fact that there was an insurance policy, and the further fact that the same was in his possession ; but what he said or did whereby she was kept in ignorance is not averred ; the most, therefore, that we can infer is, that the appellant remained silent. There is no averment in the complaint that the appellant even knew, when he presented the assignment to the appellee for her signature, that she did not know of the policy and of his possession thereof.

We must presume that when the appellee signed and acknowledged the assignment, she could read and write, and was capable of reading the assignment, if she had so desired, because the complaint avers nothing to the contrary. There is no charge in the complaint that any trick, artifice or imposition was practiced whereby the appellee was prevented from reading and examining the paper, and informing herself as to what it was. The assignment was necessarily before her when she executed it, and as it was endorsed on the policy, the latter was there also ; and, for all that appears in the complaint to the contrary, she had ample opportunity to have read and examined both instruments. Had she taken ordinary precaution she would have read the instruments before her, and would have not only ascertained their character, but also have learned that if she executed the assignment she would thereby transfer to the appellant all her interest in the policy. She acknowledged the assignment she supposed was a receipt, the complaint avers. The acknowledgment of a receipt is something very unusual, and something the law does not require for any purpose, and there is no allegation in the complaint that she did not know this at the time she executed the assignment ; if she did, this circumstance ought to have admonished her that she had better read the papers before executing the one she was called upon to execute.

It is evident, from the facts and circumstances which are

disclosed in the complaint, that if the appellee was deceived, and because of the deception executed a paper entirely different from the one she intended to execute, it was in consequence of her own negligence and folly and not because of what the appellant represented to her, and in such a case the law affords no relief.

We quote from *Seeright* v. *Fletcher*, 6 Blackf. 380. The court says : " It does not appear that the defendant was deceived by the representations made to him, or if he was, it is manifest that it was the consequence of his own folly. If the defendant were an illiterate man and the bond had been misread to him, he not being able to detect the imposition, the case would have been different. But it appears that he signed the bond without reading it himself, or hearing it read, and with all the means of knowing the truth in his power, reposed a blind confidence in representations not calculated to deceive a man of ordinary prudence and circumspection. In such a case the law affords no relief." *May* v. *Johnson*, 3 Ind. 449 ; *Rogers* v. *Place*, 29 Ind. 577 ; *Bacon* v. *Markley*, 46 Ind. 116 ; *Robinson* v. *Glass*, 94 Ind. 211 ; *Nebeker* v. *Cutsinger*, 48 Ind. 436 ; *American Ins. Co.* v. *McWhorter*, 78 Ind. 136 ; *Williams* v. *Stoll*, 79 Ind. 80 (41 Am. Rep. 604); *Baldwin* v. *Barrows*, 86 Ind. 351 ; *Gatling* v. *Newell*, 9 Ind. 572 ; *Clodfelter* v. *Hulett*, 72 Ind. 137 ; *Silver* v. *Frazier*, 3 Allen, 382 (81 Am. Dec. 662); *Bell* v. *Byerson*, 11 Iowa, 233 ; *Fulton* v. *Hood*, 34 Pa. 365 (75 Am. Dec. 664); *McCormack* v. *Molburg*, 43 Iowa, 562 ; *Mitchell* v. *Zimmerman*, 51 Am. Dec. 717 ; *Juzan* v. *Toulmin*, 9 Ala. 662 ; *Ætna Ins. Co.* v. *Reed*, 33 Ohio St. 283 ; *Skinner* v. *Deming*, 2 Ind. 558 ; *Casey* v. *Gregory*, 13 B. Mon. 505 ; *Warner* v. *Conant*, 24 Vt. 351 ; *Shelmire* v. *Thompson*, 2 Blackf. 270 ; *Munson* v. *Hallowell*, 26 Texas, 475 (84 Am. Dec. 582).

The first paragraph of answer is a general denial, and the second paragraph is as follows :

"And the said defendant, for second answer to the plaintiff's complaint, says the cause of action in said plaintiff's com-

plaint did not accrue within six years next before the commencement of this suit."

The appellee replied to the second paragraph of answer, in two paragraphs. The first paragraph is a general denial. The second paragraph of the reply is quite lengthy, and we will therefore not copy it into this opinion. There was a demurrer filed to this paragraph and overruled by the court, and an exception reserved. The paragraph is a mere repetition of the complaint, and, if good, then the paragraph of answer to which it is a reply was bad, and the demurrer filed thereto should have been sustained by the court.

The second paragraph of the answer was well pleaded. The action was for relief against an alleged fraud. Section 292, R. S. 1881, clause 4. Section 300, R. S. 1881, provides that if a person liable to an action shall .conceal the fact from the knowledge of the person entitled thereto, the action may be commenced after the discovery within the period of limitation. The foregoing statute has been construed by this court as having reference to something of an affirmative character; something said or done, which has the effect to prevent a discovery of the right of action by the person entitled to the same. Mere silence by the person liable to the action is not a concealment within the meaning of the statute. *Boyd* v. *Boyd,* 27 Ind. 429 ; *Wynne* v. *Cornelison,* 52 Ind. 312 ; *Jackson* v. *Buchanan,* 59 Ind. 390 ; *Stanley* v. *Stanton,* 36 Ind. 445 ; *State, ex rel.,* v. *Giles,* 52 Ind. 356 ; *Ware* v. *State, ex rel.,* 74 Ind. 181 ; *Musselman* v. *Kent,* 33 Ind. 453 ; *Wallace* v. *Metzker,* 41 Ind. 346 ; *Sankey* v. *McElevey,* 104 Pa. St. 265 (49 Am. Rep. 575) ; *Bricker* v. *Lightner,* 40 Pa. St. 199 ; *Wickersham* v. *Lee,* 83 Pa. St. 416 ; *Ferris* v. *Henderson,* 12 Pa. St. 49 ; *Smith* v. *Bishop,* 9 Vt. 110 ; *Fee* v. *Fee,* 10 Ohio, 469 ; *Allen* v. *Mille,* 17 Wend. 202 ; Wood Lim. 586, section 274 *et seq.*

The following is all that is averred in this paragraph of reply with reference to concealment : " She further avers that the defendant concealed from plaintiff the fact that she

had executed to him an assignment of said policy, and never informed her of said fact." All that this allegation amounts to is that the appellant knew the facts and remained silent.

There are other important questions in the record, which, in view of the conclusions reached as to the questions already considered, we do not feel called upon to consider.

The judgment is reversed, with costs, with directions to sustain the demurrer to the complaint.

MITCHELL, J., took no part in the consideration of this case.

Filed May 14, 1889.