Lemster *v.* Warner *et al.*

No. 16,535.

LEMSTER *v.* WARNER ET AL.

STATUTE OF LIMITATIONS.—*Fraudulent Conveyance.—Concealment, What Amounts to.*—Where an action to set aside a conveyance as fraudulent was commenced on June 15, 1891, the conveyance in question having been executed and recorded July 9, 1883, there can be no recovery where the six years' statute of limitation is pleaded, unless concealment of the cause of action is shown, *i. e.*, some trick or artifice to prevent inquiry or elude investigation, or some fact misstated to or concealed from the party, by positive act or declaration, when inquiry is being made or information sought.

SAME.—*Concealment.—Burden of Proof.—Special Finding.*—The burden of showing concealment rests upon the party charging it, and where a special finding does not contain the fact of concealment, it is equivalent to a finding that it did not exist.

From the Porter Circuit Court.

*W. E. Pinney*, for appellant.

*A. L. Jones* and *F. P. Jones*, for appellees.

COFFEY, J.—This was an action by the appellant, Henry Lemster, against the appellees, Eliza Warner and Oliver W. Merrill, to set aside a fraudulent conveyance. The conveyance in question was executed and recorded on the 9th day of July, 1883, and this action was commenced on the 15th day of June, 1891. The appellees interposed the six years' statute of limitations.

At the request of the appellant the trial court made and entered a special finding of facts and stated its conclusions of law thereon.

It is assigned as error that the court erred:

*First.* In overruling the appellant's demurrer to the answer of the appellees, setting up the six years statute of limitations.

*Second.* That the court erred in its conclusions of law upon the facts found.

As the question arising upon the demurrer to the answer is substantially the same as the question presented by the exceptions to the conclusions of law on the facts stated in the special finding, they need not be considered separately.

The court found, among other things, that on the 9th day of July, 1883, the appellee Warner was the owner of the real estate in controversy, and on that day, and while she was indebted to the appellant, she conveyed the property to the appellee Merrill by deed, which was duly recorded ; that the consideration for the conveyance, as expressed in the deed, was three thousand nine hundred dollars ; that at the time of the conveyance the property was encumbered by a mortgage to secure the sum of $2,142.79, which the appellee Merrill paid; that the conveyance was made by Warner to Merrill with the fraudulent intention on her part of cheating, hindering and delaying her creditors, and that Merrill, at the time, had notice of such fraudulent intent, and that after such conveyance the appellee Warner continued to occupy the property, paying rent therefor to Merrill at the rate of three hundred dollars per year.

There is no finding that the appellees, or either of them, concealed the fraud found by the court to exist.

The sole question presented for our consideration is the question as to whether this action is barred by the statute of limitations.

Section 293, R. S. 1894, provides that actions for relief against frauds must be brought within six years. It has often been held by this court that the statute above referred to applies to actions to set aside fraudulent conveyances. *Musselman* v. *Kent,* 33 Ind. 452 ; *Duncan* v. *Cravens,* 55 Ind. 525 ; *Sidener* v. *Galbraith,* 63 Ind. 89 ; *Stone, Admr.,* v. *Brown,* 116 Ind. 78; *DeArmond* v. *Ballou,* 122 Ind. 398.

Lemster *v.* Warner *et al.*

In speaking of this statute, in the case of *Stone, Admr.*, v. *Brown, supra*, this court said: "This statute applies to actions to set aside fraudulent conveyances, and its operation can not be avoided by setting up facts which would make the fraudulent grantee a trustee, by legal construction, for the grantor's creditors. Constructive trusts, or trusts which the law forces upon a party in favor of creditors, are not exempt from the operation of the statute."

The statute of limitations is a statute of repose, and in order to bring a case within the exception made by concealment, and to avoid the statute, something more than silence or mere general declarations on the part of the person liable must be shown. There must be some trick or artifice to prevent inquiry or elude investigation, or some fact misstated to or concealed from the party by some positive act or declaration when inquiry was being made or information sought. *Stone, Admr.*, v. *Brown, supra; Miller* v. *Powers*, 119 Ind. 79.

The burden of showing concealment rested upon the appellant in this case, and the failure of the court to find that the appellees were guilty of the concealment charged was equivalent to finding that it did not exist.

In our opinion the circuit court did not err in its conclusions of law on the facts stated in its special findings.

Judgment affirmed.

Filed March 28, 1894.