## Peter Fortune v. William J. English.

### Gen. No. 12,117.

1. STATUTE OF LIMITATIONS—*what fraudulent concealment within meaning of section 22.* Fraudulent concealment of a cause of action from the knowledge of the person entitled thereto to prevent the running of the Statute of Limitations under the section referred to, must be something of an affirmative character; something said or done with the fraudulent purpose to conceal such cause of action from the person entitled thereto and which was calculated to conceal and has the effect to conceal such cause of action. Mere silence by the person liable to the action, is not a concealment within the meaning of the statute.

Action of assumpsit. Appeal from the Circuit Court of Cook county; the Hon. EDWARD O. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed October 9, 1906.

**Statement by the Court.** This suit was begun February 14, 1900. The declaration as amended con-

sists of the following counts: original counts one, two, three and four; amended additional counts five, six, seven and eight; additional counts nine and ten. To amended additional counts five, six, seven and eight a demurrer was sustained. To the first four counts the defendant pleaded the following pleas: first, not guilty; second, the five years' Statute of Limitations; third the ten years' statute. To the ninth and tenth counts he pleaded: first, not guilty, second and fifth, the five years' statute, and third and fourth, the ten years' statute. To the second plea to the first four counts the plaintiff filed four replications; the first, a traverse, was withdrawn and the third and fourth were amended. To the third plea to said counts plaintiff filed three replications, the first of which, a traverse, was withdrawn. To the replications not withdrawn to said second and third pleas the defendant demurred. Upon stipulation it was ordered that the second and third and fourth amended replications to said second plea stand as replications to the second and fifth pleas to the ninth and tenth counts, and that the demurrer to said replication to said second plea stand as a demurrer to the same, as replications to said second and fifth pleas to the ninth and tenth counts; that the second replication and third amended replication to the third plea to the first four counts stand as replications to the third and fourth pleas to the ninth and tenth counts and that the demurrer to said replications to said third plea stand as a demurrer to the same as replications to the third and fourth pleas to the ninth and tenth counts. The court sustained said demurrers to said replications, and the plaintiff electing to stand by the same and by said ninth and tenth counts, there was final judgment for the defendant, from which the plaintiff prosecutes this appeal.

HIRAM T. GILBERT, ALEXANDER SULLIVAN and FRANK L. KRIETE, for appellant.

KRAUS, ALSCHULER & HOLDEN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In the brief for appellant it is said that "the essential point which the court is called upon to decide and which is decisive of the case, is presented by the demurrer to the amended fourth replication to defendant's second plea to the first, second, third and fourth counts." The sufficiency of this replication is the only question discussed in the brief for appellant and is the only question we deem it necessary to consider.

The declaration alleged that in 1889 plaintiff employed defendant, an attorney at law, to act as his attorney and legal adviser in the purchase of certain real estate which was subject to two certain trust deeds in the nature of mortgages executed by the owner thereof to one Isaac E. Adams, trustee, to secure her promissory notes; that there was presented to plaintiff a deed of conveyance of said real estate executed by the owner and release deeds of said trust deeds executed by said Adams as such trustee, and that defendant negligently, etc., advised plaintiff that such release deeds of Adams released and discharged said trust deeds, although the notes secured by said trust deeds were not in the possession of Adams and were not canceled or surrendered, and that relying upon such advice plaintiff accepted said deeds, paid the purchase price of said real estate and afterwards was compelled to pay the amount of said notes by said trust deeds secured.

That the cause of action accrued when the breach of duty set up in the declaration occurred, and that such cause of action was by the terms of the statute barred in five years, although the plaintiff was ignorant of its existence, unless such cause of action was "fraudulently concealed" by the defendant from the plaintiff, is conceded, and the question presented is, whether said amended fourth replication sufficiently avers that

the defendant "fraudulently concealed" from the
plaintiff the cause of action set up in the counts to
which said second plea was pleaded.

Section 22 of our Statute of Limitations provides as
follows: "If a person liable to an action fraudu-
lently conceals the cause of such action from the
knowledge of the person entitled thereto, the action
may be commenced at any time within five years after
the person entitled to bring the same discovers that he
has such cause of action, and not afterwards."

Said replication is as follows:

"And for an amended further and fourth replica-
tion filed by leave of court to the said plea of the said
defendant by him secondly above pleaded to the first,
second, third and fourth counts of the plaintiff's dec-
laration, the said plaintiff says *precludi non,* because
he says that the plaintiff as well at the time of the com-
mitting of the grievances in the declaration men-
tioned as during all the time thence hitherto was un-
learned in the law and wholly incompetent and unable
to determine for himself the matters in the declaration
and hereinafter mentioned, concerning which the de-
fendant advised the plaintiff as in the declaration and
hereinafter is alleged, and that the defendant for more
than ten years prior to the committing of said griev-
ances in the declaration mentioned, was and thence
hitherto has been an attorney and counsellor at law,
during all of which time the said defendant held him-
self out to the plaintiff as being learned in the law and
capable of correctly and properly advising the plaint-
iff with respect to the matters in the declaration men-
tioned and hereinafter mentioned, and during all of
which time the defendant for hire and reward in that
behalf was employed by the plaintiff as an attorney
and counsellor at law to advise and direct the plaintiff
with respect to the matters in the declaration and here-
inafter mentioned, by reason whereof it then and there
became and was the duty of the defendant to act in
good faith towards the plaintiff and to use due care
and diligence to correctly advise the plaintiff respect-

ing the matters aforesaid in the declaration and here-inafter mentioned.

"And the plaintiff further avers that from the time of the committing of the grievances in the declaration mentioned down to a time within less than five years prior to the commencement of this suit, to wit, down to the ninth day of December, A. D. 1899, the plaintiff was and remained ignorant and wholly without knowledge or notice of the committing by the defendant of the grievances in the declaration mentioned.

"And the plaintiff further avers that on, to wit, the eleventh day of September, A. D. 1893, and within less than five years after the committing by the defendant of the said grievances in the said declaration mentioned, the plaintiff being then and there still ignorant of the committing by the defendant of the said grievances, one Bayard Stockton and another, claiming to be the holders and owners of the said promissory notes in the declaration mentioned, instituted in the Circuit Court of said Cook county a suit in chancery against the plaintiff and other persons, alleging that the said promissory notes in the declaration mentioned were then still unpaid, and praying, among other things, for a decree of foreclosure and to subject the said real estate to sale, as provided by law for the payment of the amount which might be found by said court to be due the complainants in said suit upon the said promissory notes in case the amount so found to be due should not be paid by the plaintiff or other defendants named in said suit, in which said suit process of summons was then and there duly served upon the plaintiff by the delivery to the plaintiff by the sheriff of said Cook county of a copy of the said summons.

"And the plaintiff further avers that the plaintiff, upon receiving said copy of said summons, then and there brought the same to the notice of the defendant and then and there retained and employed the defendant for hire and reward in that behalf, as an attorney and counsellor at law to investigate the said suit and the questions of law and fact connected therewith and bearing upon the rihgts and liabilities of the plaintiff with respect to the said promissory notes, trust deeds

and said real estate, and to direct the plaintiff as to
the course proper to be pursued by the plaintiff with
respect to the said claims of the complainants in said
suit, by reason whereof it then and there became and
was the duty of the defendant to act in good faith
towards the plaintiff and to use due care and diligence
to advise the plaintiff respecting the matters aforesaid
connected with said suit.

"And the plaintiff further avers that defendant then
and there, well knowing that he, the defendant, had
been guilty of the committing of the grievances in the
declaration mentioned, and that he, the defendant, was
then and there liable on account thereof to the plaintiff
in damages to a large amount, to wit, to the amount of
Twenty Thousand Dollars ($20,000), and that the
plaintiff was then and there ignorant of the law and of
the committing by the defendant of the said grievances
and of the liability of the defendant to the plaintiff on
account thereof and craftily and fraudulently intend-
ing to conceal from the plaintiff the committing of the
said grievances and to prevent the plaintiff from bring-
ing suit against the defendant on account thereof
within five years after the time aforesaid of the com-
mitting of the grievances aforesaid, falsely and mali-
ciously represented to the plaintiff that the plaintiff,
notwithstanding the claims of the complainants in said
suit in chancery aforesaid, was the owner in fee sim-
ple of the real estate, free from all encumbrances, and
that the plantiff, by following the advice and direction
of the defendant, could successfully defend said suit
and defeat the claims of said complainants therein.

"And the plaintiff further avers that the plaintiff,
not knowing to the contrary, but implicitly relying
upon the truth of the said representations aforesaid,
and acting under the direction and advice of the de-
fendant, defended said suit until, to wit, the ninth day
of December, 1899, at which time the same was finally
decided adversely to the plaintiff and until which last
mentioned date the plaintiff remained wholly ignorant
of the committing by the defendant of the said griev-
ances in the declaration mentioned.

"And the plaintiff further avers that after deduct-

ing from the period from the committing of said griev-
ances in the declaration mentioned by the defendant to
the commencement of this suit the time during which
the committing of the said grievances was fraudulently
concealed as aforesaid by the defendant, there re-
mained a period of less than five years."

The fraudulent concealment of a cause of action
from the knowledge of the person entitled thereto, to
prevent the running of the Statute of Limitations un-
der the provision above quoted, must be something of
an affirmative character; something said or done with
the fraudulent purpose to conceal such cause of action
from the person entitled thereto and which was calcu-
lated to conceal and has the effect to conceal such
cause of action. Mere silence by the person liable to
the action, is not a concealment within the meaning of
the statute. Parmelee v. Price, 208 Ill. 544-561; Mil-
ler v. Powers, 119 Ind. 79.

There is in the replication no averment that defend-
ant fraudulently concealed from plaintiff any fact in
relation to the purchase of said land by the plaintiff,
nor that the defendant knew any fact in relation
thereto which was not known to the plaintiff. Both
knew that the notes secured by the trust deeds were
not in the possession of Adams, the trustee, when he
executed the release deeds and that they had not been
surrendered or canceled. Nor is there any allegation
that the defendant made any false statement of a fact
to the plaintiff with intent to fraudulently conceal
from him the existence of a cause of action against the
defendant. It is true that the replication avers that
when the foreclosure suit was brought against the
plaintiff in 1893 and he employed the defendant to de-
fend the same, defendant "falsely and maliciously"
represented to plaintiff that the plaintiff was the
owner of said real estate, free from encumbrance, and
could successfully defend against said bill to foreclose.
This statement was only the statement of the legal
opinion of the defendant upon facts equally well

known to plaintiff and defendant and cannot under the averments of the replication be held to be a false statement of a fact made with the intent to fraudulently conceal from the plaintiff the existence of a cause of action against the defendant. We do not find in the replication any averment of a fact or facts that in our opinion amounts to an averment that the defendant fraudulently concealed from the plaintiff the cause of action set out in the declaration, or of a fact or facts that estop the defendant from pleading the Statute of Limitations to any count of the declaration.

We think the Circuit Court did not err in sustaining plaintiff's demurrers to the replications and to the counts to which demurrers were sustained, and the judgment will be affirmed.

*Affirmed.*