STATE OF INDIANA, EX REL. BOARD OF COMMISSIONERS OF THE COUNTY OF MONROE, *v.* JACKSON ET AL.

[No. 7,758. Filed January 23, 1913.]

1. APPEAL.—*Assignment of Errors.—Waiver.*—Errors assigned, but not discussed, and in support of which no authorities are cited, are waived. p. 256.

2. LIMITATION OF ACTIONS.—*Concealment of Cause of Action.*—To constitute concealment of a cause of action so as to prevent the running of the statute, of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or which is calculated to mislead and hinder the party who has the cause of action from obtaining information, by the use of ordinary diligence, that a right of action exists, and the acts relied on must be of an affirmative character and fraudulent. p. 258.

State, ex rel., *v.* Jackson—52 Ind. App. 254.

3. LIMITATION OF ACTIONS.—*Concealment of Cause of Action.— Entries on Public Records.—Special Findings.—Sufficiency.*—In an action by the state on relation of the board of county commissioners against a former official and the sureties on his bond to recover money wrongfully appropriated, special findings, showing that an entry had been made by the board of commissioners authorizing the dismissal of a former action for the recovery of such money, stating that it had been compromised and settled, and showing its dismissal, and findings showing that nothing had ever been paid pursuant to such compromise, and that the persons constituting the board of commissioners at the time of the latter action had no knowledge of the indebtedness until shortly before bringing the action, were insufficient to show a concealment of the cause of action so as to avoid the statute of limitations pleaded by such sureties.  pp. 259, 260.

4. LIMITATION OF ACTIONS.—*Concealment of Cause of Action.— Knowledge of Existence of Cause of Action.—Board of County Commissioners.*—Where a board of county commissioners had knowledge of the existence of an indebtedness to the county, the subsequent change in the personnel of the board could not affect the question of knowledge thereof by the board, since such board is a perpetual body not affected by changes in its membership. p. 259.

5. LIMITATION OF ACTIONS.—*Concealment of Cause of Action.— Entries on Public Records.*—Entries on public records, that may tend to mislead, cannot of themselves constitute a concealment of a cause of action, where, on investigation, such records reveal facts showing that such cause of action does exist.  p. 259.

6. LIMITATION OF ACTIONS.—*Concealment of Cause of Action.— Burden of Proof.*—One who alleges and relies on concealment to avoid the statute of limitations has the burden of proving same. p. 259.

7. LIMITATION OF ACTIONS.—*Concealment of Cause of Action.— Special Findings.*—Special findings, to be sufficient to avoid the statute of limitations on the ground of concealment, should show such concealment as an ultimate fact, or it must appear therefrom as a necessary inference from the facts found.  p. 259.

8. TRIAL.—*Special Findings.—Failure to Find Material Fact.— Effect.*—Where a special finding of facts is made, the failure to find a material fact is the equivalent of finding such fact against the party having the burden of proving the same.  p. 260.

9. APPEAL.—*Review.—Exceptions to Conclusions of Law.—Admissions.*—An exception to the conclusions of law concedes, for the purpose of the exception, that the facts are fully and correctly found.  p. 260.

From Monroe Circuit Court; *Rufus H. East,* Special Judge.

Action by the State of Indiana, on the relation of the Board of Commissioners of the County of Monroe, against James W. Jackson and others. From a judgment in favor of certain defendants, the relator appeals. *Affirmed.*

*R. L. Morgan,* for appellant.

*Miers & Corr, Ira C. Batman, Robert G. Miller* and *James W. Blair,* for appellees.

FELT, P. J.—Appellant brought this suit against James W. Jackson and his sureties on an official bond to recover fees alleged to have been collected and unlawfully converted to the use of said Jackson while serving as recorder of Monroe county, Indiana. Jackson, the principal, was defaulted, and from a judgment in favor of appellees, Duncan and Farr, this appeal is prosecuted. Appellees answered the complaint by a general denial, the five years' statute of limitations and a plea of *res judicata.* Appellant replied to the special answers by general denial and by a special paragraph which sought to avoid the statute of limitations by averring that appellees had concealed the cause of action against them.

On request the court made a special finding of facts and stated its conclusions of law thereon, to which appellant duly excepted.

Appellant has assigned several errors, but those properly assigned raise the same question as that presented by the assignment that the court erred in its second conclusion of law, and appellant in its brief states that "the question involved in this appeal is whether or not the operation of the statute of limitations has defeated the appellant's right to recover against the appellees, Duncan and Farr, the sureties on appellee Jackson's official bond." Furthermore, appellant has only discussed the questions raised by the exception to the conclusions of law and only cited

authorities in support of the questions so presented. Other questions, if any, are therefore waived. *Indianapolis, etc., Traction Co.* v. *Arlington Tel. Co.* (1911), 47 Ind. App. 657, 659, 95 N. E. 280; *Hoover* v. *Weesner* (1897), 147 Ind. 510, 45 N. E. 650, 46 N. E. 905; *Franklin* v. *Lee* (1902), 30 Ind. App. 31, 34, 62 N. E. 78.

The facts found show, in substance, that James W. Jackson was elected and served a term as recorder of Monroe county, Indiana, ending November 18, 1898; that during said term he taxed and collected fees and costs' of said office in the sum of $1,992.10, which he wrongfully failed to pay the treasurer of said county, and converted to his own use; that in June, 1901, the board of commissioners of said county caused a suit to be commenced against said Jackson and appellees to recover the amount due as aforesaid; that appellees on June 16, 1902, filed answers to the complaint in said cause, to which appellant filed demurrers; that said cause was continued in said court; said demurrers were not ruled on, and on April 20, 1903, the case was dismissed at the cost of defendants, and judgment rendered therefor in appellant's favor; that prior to the dismissal of said cause the board of commissioners of said county, by agreement of the members thereof and the defendants in said suit, made and entered of record an order, showing that "the above cause of action having been compromised and settled, the Board of Commissioners find that the same ought to be dismissed", and thereupon ordered the county attorney to have the proper entry of dismissal entered in the Monroe Circuit Court; that no part of the indebtedness for which said suit was brought was at any time paid the treasurer of said county by any person; that in August, 1908, the board of commissioners of said county ordered an investigation of the records of the recorder's office of said county, and employed expert accountants who made an investigation thereof, and on December 12, 1908, reported to said board that

said Jackson owed the county, for fess collected and retained by him, the sum of $1,992.10; that said board on December 17, 1908, made demand therefor, payment was refused, and this suit was begun on December 23, following said demand; that the individual members of the board of commissioners, as constituted on December 12, 1908, first learned of said indebtedness on the filing of said report, as aforesaid.

The court stated as its conclusions of law (1) that appellant is entitled to recover against Jackson, the principal on the bond, the sum of $1,992.10, with six per cent interest from November 18, 1908, and costs of suit; (2) that appellant's cause of action is barred by the five years' statute of limitations as to appellees, Duncan and Farr, and they are entitled to recover costs. Appellant does not deny that the statute of limitations has barred a recovery from appellees, unless the cause of action was concealed by them so as to prevent the running of the statute of limitations until the filing of the report of the expert accountants in December, 1908.

To constitute concealment of a cause of action within the meaning of the statute, it must be alleged and proved that some trick or artifice has been employed to prevent inquiry or elude investigation, or calculated to mislead and hinder the party who has the cause of action from obtaining information, by the use of ordinary diligence, that a right of action exists.

The acts relied on must be of an affirmative character, calculated to prevent a discovery of the cause of action by the person in whose favor it exists. Mere silence on the part of the person against whom such cause of action exists is insufficient to show concealment. The concealment recognized by the statute arises out of fraud, and there can be no sufficient showing of concealment to avoid the statute of limitations in the absence of fraud. *Stone* v. *Brown* (1888), 116 Ind. 78, 81, 18 N. E. 392; *Miller* v. *Powers* (1889), 119

Ind. 79, 89, 21 N. E. 455, 4 L. R. A. 483; *Bower* v. *Thomas* (1899), 22 Ind. App. 505, 508, 54 N. E. 142; *Jackson* v. *Jackson* (1898), 149 Ind. 239, 242, 47 N. E. 963.

The findings relied on to show concealment are those showing the entry by the Board of Commissioners of the County of Monroe, authorizing the dismissal of the former suit and its dismissal in the circuit court; also the fact that the persons serving as county commissioners in 1908 had no knowledge of the indebtedness until they were informed thereof by the report of the experts.

The change in the personnel of the members of the board could not affect the question of the knowledge by the board of the cause of action, for the board is a perpetual body not affected by changes in its membership.

It has been held that entries in public records that may tend to mislead, cannot of themselves constitute the concealment of a cause of action, where, on investigation, such public records reveal the facts which show that the particular cause of action in question does exist. *Board, etc.,* v. *Lods* (1894), 9 Ind. App. 369, 374, 36 N. E. 772.

If it can be said that the facts relied on tend to show concealment at all, it is equally apparent that the slightest investigation of the records in the public offices of Monroe county would have proven conclusively that nothing had been paid to the county, and that the cause of action, if any existed, was not terminated by the dismissal aforesaid. Furthermore, as appellant alleged and relied on concealment, it had the burden of proving it.

Under the issues, concealment was an ultimate or inferential fact that must be found by the court, or it must appear as a necessary inference from the facts found, to enable appellant thereby to avoid the statute of limitations. *Perkins* v. *Hayward* (1890), 124 Ind. 445, 450, 24 N. E. 1033; *American Bonding Co.* v. *State, ex rel.*

(1907), 40 Ind. App. 559, 562, 82 N. E. 548; *Taylor* v. *Canaday* (1901), 155 Ind. 671, 675, 57 N. E. 524, 59 N. E. 20.

Where a special finding of facts is made, the failure to find a material fact is the equivalent of finding such fact against the party having the burden of proving the same. *Temster* v. *Warner* (1894), 137 Ind. 79, 36 N. E. 900; *State Bank* v. *Backus* (1903), 160 Ind. 682, 693, 67 N. E. 512.

An exception to the conclusions of law concedes, for the purposes of the exception, that the facts are fully and correctly found.

The special finding does not contain a finding of the ultimate fact of concealment of the cause of action nor do the facts found compel such inference. Appellant had the burden of showing this fact, and its absence from the finding of facts is conclusive against appellant.

No available error appearing in the record, the judgment is affirmed.

NOTE.—Reported in 100 N. E. 479. See, also, under (1) 3 Cyc. 388; (2, 3) 25 Cyc 1218; (4) 25 Cyc. 1217; (6) 25 Cyc. 1427; (8) 38 Cyc. 1924. As to estoppel of right to plead the statute of limitations, see 104 Am. St. 746. For a discussion of assumption of risk on the failure of the employer to perform a statutory duty, see 4 Ann. Cas. 599; 13 Ann. Cas. 36; Ann. Cas. 1913 C 210. As to burden of proof on plea of statute of limitations, see 81 Am. Dec. 725.