FIDELITY AND CASUALTY COMPANY OF NEW YORK
v. JASPER FURNITURE COMPANY.

[No. 23,271.   Filed October 11, 1917.]

1. LIMITATION OF ACTIONS. — *Discovery of Cause of Action.* — *Suspension of Statute.*—The failure to discover a cause of action does not, like its concealment, operate to suspend the statute of limitations.   p. 568.

2. LIMITATION OF ACTIONS.—*Accrual of Right.*—A cause of action accrues, so that limitations begin to run, at the moment its owner has a legal right to sue on it, except where extrinsic facts postponing the operation of the statute are interposed.   p. 568.

3. LIMITATION OF ACTIONS.—*Accrual of Right.—Money Due under Written Contract.—Demand.*—Where an employer's liability policy was issued in March, 1903, insuring defendant for a period of twelve months against loss from liability for injuries to its employes, the premium being based upon the estimated compensation paid to employes, with a stipulation that, if the compensation actually paid should prove greater than the original estimate, defendant should pay an additional premium, no demand for payment was necessary to fix liability for additional earned premium which, if owing, was due in one year after the date of the policy, so that an action to recover such additional premium begun in May, 1914, was barred by the ten-year statute of limitations (§295 Burns 1914, §293 R. S. 1881) in the absence of facts postponing the operation of the statute.   p. 568.

4. LIMITATION OF ACTIONS.—*Fraudulent Concealment of Cause of Action.*—To constitute a fraudulent concealment of a cause of action so as to prevent the running of the statute of limitations, some trick or artifice must be employed to prevent inquiry or to elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, by the use of ordinary diligence, that a right of action exists, and the acts relied on must be of an affirmative character and fraudulent.   p. 568.

5. LIMITATION OF ACTIONS.—*Fraudulent Concealment of Cause of Action.*—The refusal to allow an insurer to make an examination of the books of the insured to ascertain the compensation actually paid to the latter's employes within the period of the policy so that the amount of additional premium due could be determined, was not a fraudulent concealment

within the meaning of the law, and could not affect the running of the statute of limitations.  p. 569.

From Pike Circuit Court; *John L. Bretz,* Judge.

Action by the Fidelity and Casualty Company of New York against the Jasper Furniture Company.  From a judgment for defendant, the plaintiff appeals.  (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)  *Affirmed.*

*Albert N. Funkhouser, Arthur F. Funkhouser* and *Robert D. Markel,* for appellant.

*R. M. Milburn* and *Bomar Traylor,* for appellees.

SPENCER, J.—Under a policy contract dated March 2, 1903, appellant insured appellee for a period of twelve months from that date against loss from common-law or statutory liability for damages on account of bodily injuries, fatal or nonfatal, accidentally suffered within the period of the policy by any employe or employes of appellee during the course of his or their employment.  As compensation for that insurance appellee paid to appellant a premium in the sum of $134, which premium was, under the terms of the contract, based on the amount of compensation to employes which, it was estimated, would be expended by appellee during the period of the policy.  It was further stipulated that if the compensation *actually* paid in that period should prove to be greater than the amount of the original estimate, appellee should pay the additional premium thus earned.  The present action was instituted on May 18, 1914, to recover an additional premium alleged to be due under this provision of the contract.  In its answer to the complaint, appellee relies chiefly on the ten-year statute of limitations (§295, cl. 5, Burns 1914, §293 R. S. 1881), and we are required first to determine the applicability of that statute.

In this connection it is to be borne in mind that a fail-

ure to discover a cause of action does not, like its concealment, operate to suspend the statute of limitations. *Jackson* v. *Jackson* (1897), 149 Ind. 238, 242, 47 N. E. 963; *Ware* v. *State, ex rel.* (1881), 74 Ind. 181, 186. A cause of action accrues, so that limitations begin to run, at the moment its owner has a legal right to sue on it, except where extrinsic facts postponing the operation of the statute are interposed: *Farneman* v. *Farneman* (1910), 46 Ind. App. 453, 457, 90 N. E. 775, 91 N. E. 968; 25 Cyc 1065, and authorities cited.

As the claim sued on in this action is for money alleged to be due under a written contract, no demand for payment was necessary in order to fix the liability of appellee, but the additional premium, if any was owing, was legally due when the term of the policy expired on March 2, 1904. This action must then have been commenced within ten years from that date, unless other facts exist which were sufficient to postpone the operation of the statute.

Appellant makes no charge that appellee, at any time within ten years prior to the institution of this suit, fraudulently misstated to, or concealed from, appellant any fact concerning the claim in question, but does allege that on various occasions during that period, and in violation of the provisions of the contract, appellee refused to allow appellant to make an examination of its books for the purpose of determining the amount of compensation actually paid to employes within the period of the policy. To constitute concealment of a cause of action, however, so as to prevent the running of the statute of limitations, some trick or artifice must be employed to prevent inquiry or to elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, by the use of ordinary diligence, that a right

of action exists; and the acts relied on must be of an affirmative character and fraudulent. *Jackson* v. *Jackson, supra,* 242; *Lemster* v. *Warner* (1894), 137 Ind. 79, 81, 36 N. E. 900; *Miller* v. *Powers* (1889), 119 Ind. 79, 89, 21 N. E. 455, 4 L. R. A. 483; *State, ex rel.* v. *Jackson* (1912), 52 Ind. App. 254, 258, 100 N. E. 479.

There is nothing in the record before us which justifies appellant's failure to bring this suit within the statutory period. Appellee's refusal to permit an examination of its books may have constituted a breach of contract, but it was not a fraudulent concealment within the meaning of the law and could not affect the running of the statute of limitations. The present action does not appear to be based on any facts which have not long been in the possession of appellant and, if they had been made the basis of suit at an earlier date, appellant might have requested an inspection, under order of court, of such books and papers as properly related to the merits of the cause. §503 Burns 1914, §480 R. S. 1881.

The demurrer to appellee's fourth paragraph of answer, setting up the statute of limitations, was properly overruled. Judgment affirmed.

Note.—Reported in 117 N. E. 258. See under (1, 2) 96 Am. St. 980.